J. W. BOYKIN et al. *v.* THE STATE OF MISSISSIPPI.

1. BOND OF TAX COLLECTOR — FORM OF BOND NOT ESSENTIAL. — Under the provisions of the Code of 1857, prescribing the form of official bonds, the act is declared to be directory only; and a failure to observe the form of the bond will not vitiate it, if it is sufficient in substance, and contains the proper conditions.

2. PRACTICE — SUIT ON BOND OF TAX COLLECTOR, JUDGMENT BY DEFAULT. — Suit may be maintained on the bond of a tax collector for money collected and not paid over; also for a failure to collect the taxes of his county. The Code of 1857, p. 521, provides that in actions of debt for a sum certain, and in actions founded on any instruments of writing, ascertaining the sum due or on an open account, * * * if judgment be rendered by default, the clerk shall calculate the principal and interest and judgment shall be entered therefor. Under arts. 59, 60, 61, Code of 1857, these terms are used, "all taxes collected;" "the amount of taxes due the state," and "amount due by the collector," deducting all legal allowances. The allowances to be deducted include insolvencies, delinquencies, lands forfeited, etc., and this indicates the scope of the trial to determine the amount for which a defaulting tax collector shall be held liable to the state.

3. SAME — SAME — WRIT OF INQUIRY. — Suit was brought on the bond of Boykin as tax collector of Wayne county, for failure to collect and pay over to the state treasurer, the sum of $845.13, a part of the state taxes of

1869. Judgment by default was rendered against B. and his sureties on his official bond for the amount of the demand, and 30 per cent. damages: *held*, that the court should have awarded a writ of inquiry to ascertain the amount due to the state by the tax collector, after deducting all legal allowances.

ERROR to the Circuit Court of Wayne County. Hon. W. M. HANCOCK, Judge.

The facts in the case sufficiently appear in the opinion of the court.

The following is assigned for error :

1. The court erred in entering final judgment by default, without a writ of inquiry.

2. The action is under a statute, and not authorized by the statute.

3. The statute does not authorize this form of action for failure to collect taxes.

4. The tax collector's bond sued on is not a statutory bond, and no statutory action can be maintained on it.

5. It was error to assess damages without a writ of inquiry on the amount of taxes uncollected.

6. The judgment is excessive.

*S. Evans & S. A. D. Steele*, for plaintiffs in error, filed an elaborate brief, and Mr. Steele argued the case orally.

*G. E. Harris*, attorney general, for the state, filed a brief and argued the case orally.

TARBELL, J., delivered the opinion of the court.

This is an action on the bond of Boykin, as tax collector of Wayne county. The breach assigned is, that Boykin failed to collect and pay into the state treasury the sum of $845.13, part of the assessment for 1869. Judgment by default was entered against Boykin and his sureties, for said sum of $845.13, and damages at the rate of 30 per cent. per annum thereon, making a total of $1,549. From this judgment a writ of error was prose-

cuted, and the following grounds are alleged as cause for reversal :
" 1. Final judgment by default, without a writ of inquiry; 2. The
action is under a statute, and is not authorized by the statute;
3. The statute does not authorize this form of action for failure to
collect taxes ; 4. The tax collector's bond sued on is not a statu-
tory bond, and no statutory action can be maintained on it ; 5. It
was error to assess damages on the amount of taxes uncollected,
without a writ of inquiry, and  6. The judgment is excessive."

The declaration alleges that Boykin was appointed sheriff and
*ex-officio* tax collector in 1869, by the then military governor of
the state; that the assessment roll was placed in his hands Nov.
1st of that year ; that the total of tax was $1,212.30, of which
he failed to collect and pay into the state treasury $845.13, for
which sum, with damages at the rate of 30 per cent. per annum,
judgment was demanded.  A copy of the bond was filed with
the declaration, and was substantially set out therein.   There was
also filed a certified statement of the auditor, under art. 60, p. 85,
Code of 1857, showing the indebtedness of Boykin to have been,
on June 1, 1870, $845.13.

The defendants in the action did not appear, and judgment by
default was entered, without the aid of a jury, as above stated.

This action accrued under the Code of 1857. Art. 59, p. 85, re-
quires tax collectors to pay over "all taxes collected for the
state or county, to the state or county treasurer, within thirty days
after the first of June in every year, and if any collector shall fail
to do so, he shall pay damages at the rate of thirty per centum
per annum thereon, from the time the same shall be due until
paid, to be calculated from the first day of June."

And it is provided by art. 60, that " if any collector shall fail
to pay into the state treasury the amount of taxes due the state,
within the time prescribed, the auditor shall immediately notify
the district attorney of the proper district, and shall furnish him
a statement, under his hand and seal of office, of the amount due
by such collector, and the district attorney shall forthwith com-

mence suit on the bond of the collector for the amount due, of which the statement certified by the auditor shall be competent evidence."

It is further provided by art. 61, that "such suit shall be tried at the return term, and shall have precedence over all other civil causes, and judgment shall be given for the amount due by the collector, with thirty per centum per annum damages, as aforesaid, after deducting all legal allowances to which he may be entitled."

The condition of the bond sued on is as follows:

"The condition of this obligation is such that if the said J. W. Boykin shall faithfully perform all the duties of the said office of tax collector, and all the acts and things required by law or incident to the said office during his continuance therein, then the obligation to be void; otherwise to remain in full force and virtue." This bond was executed July 26, 1869. It recites the appointment of Boykin by the military governor of the state, July 2, 1869, and is made payable to the state of Mississippi.

A form of official bond is given in art. 186, p. 136, Code of 1857, to which the one in the record before us substantially conforms, but the same article declares that this provision "shall be considered as directory only, and a failure to observe the form herein prescribed shall not vitiate any official bond; and all official bonds shall be valid and binding, in whatever form they may be taken, except so far as they may be conditioned for the performance of acts in violation of the laws or policy of the state."

With reference to judgments by default and writs of inquiry, the Code of 1857, p. 521, art. 253, makes this provision: "In actions of debt for a sum certain, and in actions founded on any instrument of writing ascertaining the sum due, or on open account, where a copy of the account is filed with the declaration, if judgment be rendered on demurrer, by confession, or by default for want of appearance or plea, the clerk shall calculate the amount due for principal and interest, and judgment shall be en-

tered therefor; and such judgment shall be final on the last day of the term, if not set aside. And in all actions when the sum due does not appear as aforesaid, and in all actions sounding in damages, if the defendant do not appear and plead according to law, interlocutory judgments may be taken, on which writs of inquiry shall be awarded, which may be executed at the same term, by the jurors attending said court, and executions may issue for the damages assessed by the jury and costs of suit, as in other cases."

Is the declaration, taken in connection with the statement of the auditor for a sum certain, and hence was a writ of inquiry unnecessary?

Under arts. 59, 60 and 61 of the Code of 1857, above referred to, can the action be maintained for the taxes uncollected, or must it proceed only for the taxes collected and not paid over? Art. 59 uses the term "all taxes collected;" art. 60, "the amount of taxes due the state;" and art. 61 says, "judgment shall be given for the amount due by the collector, with thirty per cent. per annum damages, as aforesaid, after deducting all legal allowances to which he may be entitled."

"Allowances" to be deducted include insolvencies and delinquencies, taxes on lands forfeited to the state, etc., and this indicates the scope of the trial, and the probable meaning of the terms used in arts. 59, 60 and 61, as to the sum for which claim can be made against a defaulting tax collector, on the facts as in the case at bar. In other words, is this a statutory action on a statutory bond? Or, for taxes uncollected, must the action be at common law for the neglect? These questions are propounded and discussed by counsel at some length. Without going over the argument, we will simply state conclusions reached. We construe the several provisions of the code referred to, together and liberally, in the interest of the public. The "amount of taxes due the state," from the collector was, in the first instance, the total of the state tax charged to him by the auditor. The

statement of the latter, however, shows payments, and hence, the balance is the " amount due by the collector." For this sum judgment should be given, with thirty per cent. per annum damages, according to the foregoing provisions of the code, " after deducting all legal allowances," to which the collector " may be entitled." These " allowances " and the mode of obtaining them are fixed by law. Code of 1857, art. 42, p. 81; art. 44, p. 82; arts. 55, 56, 57, pp. 84, 85, and perhaps others.

Judgment reversed, writ of inquiry awarded here, and cause remanded. .