# VILLAGE OF MONTPELIER

v.

# DAYTON P. CLARKE ET AL.

January Term, 1895.

*Suit on tax collector's bond.   Grand list.    Uncollected*
*        taxes.   Application of payments.*     •

1.  The charter of the village of Montpelier provided that the
    bailiffs might at any time before the voting of a tax make
    a grand list upon the basis that the town grand list com-
    prised within the limits of the village should constitute such
    grand list, and that the bailiffs should deduct therefrom the
    real estate lying without the limits of the village, and fur-
    ther that the bailiffs should make out and deliver to the
    collector a rate bill for the collection of any tax duly voted.
    The bailiffs assessed the tax in question upon property and
    persons within the limits of the village upon the basis of
    the town grand list, and delivered the rate bill to the de-
    fendant as collector, who receipted for and proceeded un-
    der the same.   *Held*, that in a suit upon the collector's
    bond for not collecting and paying over the tax, the objec-
    tion that no separate grand list for the village was prepared
    before the voting of the tax could not be urged.

2.  In a suit against a collector for not paying over taxes actually
    collected, it is no defence that the grand list was invalid.

3.  A tax collector and his sureties are liable in an action upon
    his bond, conditioned for the faithful performance of his
    duties, for uncollected taxes, unless some valid excuse is
    shown for their non-collection.

4. In a suit upon a tax collector's bond for not collecting and paying over the taxes for a particular year, it is not a defence that he did pay over the money collected on that bill to apply on previous bills, and therefore no error to reject evidence of that fact.

Debt on bond. Heard on the report of a referee at the September term, 1894, Washington county, MUNSON, J., presiding. Judgment for the plaintiff. The defendant excepts. The opinion states the facts.

*Dillingham, Huse & Howland* for the defendants.

*John H. Senter* and *George W. Wing* for the plaintiff.

The invalidity of the grand list cannot be urged as to taxes actually collected. *Butler* v. *Jarvis*, 22 N. E. (N. Y.) 561; *Lynn et al.* v. *Mayor of Cumberland*, 26 Atl. (Md.) 1001; *Tunbridge* v. *Smith*, 48 Vt. 653; *State* v. *Henry*, 57 Miss. 886; *Brunswick* v. *Snow*, 73 Me. 179; *Boothbay* v. *Giles*, 68 Me. 162; Cool., Tax., 498–500 and cases cited; Desty, Taxation, 1030, 1031.

The grand list was valid. The provision as to its being made up before the voting of the tax is merely directory. *French* v. *Edwards*, 13 Wall. 506–511; *Perry and Hale Counties* v. *Railroad*, 65 Ala. 398; Cool., Tax., 212 *et seq;* *Canal Co.* v. *Rockingham*, 37 Vt. 626; *Willard* v. *Pike*, 59 Vt. 211; *Torry* v. *Millbury*, 21 Pick. 64.

TYLER, J. The action is debt on a bond signed by defendant Clarke as collector of taxes of the village of Montpelier as principal, and by the other defendants as sureties.

The charter of the village, No. 89, Laws of 1855, provides:

"Section 10. The bailiffs are empowered to make a grand list for said village at any time previous to voting a tax, on the following basis: The town grand list of Montpelier, comprised within the limits of said village, shall constitute

such grand list, and the bailiffs shall deduct therefrom all real estate lying and being without the limits of said village, and said list when completed shall be final and conclusive."

"Section 1.  *  *  The village of Montpelier  *  *  may at any annual or special meeting called for that purpose as herein provided, lay a tax on the polls of the inhabitants of said village and ratable estate within the same, whether of residents or non-residents, for any of the purposes herein mentioned ; and the bailiffs shall make out a rate bill accordingly, and deliver the same to the collector, who shall have the same power to collect such tax as the collector of town taxes."  *  *  *

"Section 7.  It shall be the duty of the said bailiffs to make out and deliver to the collector an assessment or rate bill of all taxes which shall be laid by said corporation."  *  *  *

The referee finds that defendant Clarke was elected constable and collector of the village at the annual meeting held December 3, 1888 ; that he duly qualified and entered upon the duties of the office ; that bailiffs were elected pursuant to the charter, and that a tax of fifty cents on the dollar of the grand list of the taxpayers was voted to be paid into the treasury on or before February 1, 1889.

It is also found :

"That in pursuance of said vote the bailiffs made out a rate bill for said tax upon the grand list of the village, as ascertained and determined by taking the town grand list, which included that of the village, and deducting therefrom the real and personal estate and polls known by them to be outside the village limits, and assessing the tax upon the list remaining after such exclusion, but no separate and distinct document in grand list form was made up by the bailiffs as a specific village grand list."

The collector took the tax bill, gave a receipt for it to the bailiffs, and entered upon the duty of collecting the taxes, and paying them over to the treasurer.

1.   The defendants claim that the grand list was not made by the bailiffs in compliance with the charter.  It is not urged that the manner of obtaining it was unlawful, but that

it should have been ascertained and made the basis of taxation before the tax was voted.

It is true that when the tax was voted the grand list of the village had not been separated from that of the town, but as each taxpayer in the village must have had a grand list, it may be presumed that the tax was voted with reference to the respective lists of the taxpayers. If the list of the village had been separated from that of the town before the tax was voted, each individual tax would have been the same as it was in fact made by the bailiffs. So the irregularity, if there was one, did not affect the correctness of the assessment.

It is found that the treasurer kept an account with the collector, charging him with the amount of the tax bill and crediting him with the payments thereon; that Clarke had been collector during several previous years, from time to time made collections on the arrearages for those years and paid the same to the treasurer, and that the collections, in every instance, as they were received by the treasurer, were credited by him to the collector upon such tax bills as the latter directed. The amount of the tax bill in question was fifteen thousand seven hundred thirty-two dollars and eighty-eight cents; the amount paid and credited was thirteen thousand eight hundred sixty-six dollars and fifty-one cents; abatements, two hundred ninety-six dollars and ninety cents, which left a balance due from Clarke of one thousand five hundred sixty-nine dollars and forty-seven cents. This sum was inclusive of the two per cent fees allowed the collector for the collection of thirteen thousand eight hundred sixty-six dollars and fifty-one cents, being two hundred seventy-seven dollars and thirty-three cents, and four hundred twenty-seven dollars and nineteen cents uncollected taxes. No evidence was offered before the referee to show that the uncollected taxes should be abated.

Neither upon reason nor authority can the defendants

avail themselves of the invalidity of a grand list as an excuse for the collector's not paying over the money actually received by him. Any such irregularity or defect would be considered as waived by the taxpayers, and the money received from them by the collector would be held by him for the village. A failure to pay over the money collected constituted a breach of the condition of the bond. Desty on Taxation, 1073; *Boothby* v. *Giles*, 68 Me. 160; *Brunswick* v. *Snow*, 73 Me. 179; *Ford* v. *Clough*, 8 Greenl. 234; s. c. 23 Am. Dec. 513; *Sandwich* v. *Fish*, 2 Gray 298; *Tunbridge* v. *Smith*, 48 Vt. 648.

2. The real question is, whether the defendants are liable for the four hundred twenty-seven dollars and nineteen cents uncollected taxes. In the case last cited the court said:

"By receiving the rate bills and warrants the collector impliedly agreed to collect and pay over the taxes according to the directions accompanying each rate bill and warrant. There is always attached to this agreement of the collector an * * * implied condition that he will do so provided the tax is legal and collectable."

Desty on Taxation, 1034, says:

"On the delivery of the assessment book to the collector, *prima facie* he becomes chargeable with the tax assessed to each taxpayer, and when the time for collecting has expired he must be deemed to have collected it, unless he discharges himself by showing that, in the mode prescribed, he has obtained credit for it as an error of assessment, or because or the taxpayer. * * * A tax collector is *prima facie* liable for the whole amount of the assessment roll, and the burden of proof is upon him to show discharge, payment," etc.

It has been held in Louisiana that:

"The process of computing debits and credits on a tax collector's account is very simple. He is charged with the sum total of the rolls and of the licenses, and it is for him to offset these by legal vouchers for legal payments, and by a delinqent list in due form. The tax collector is presumed

to have collected all that is on his roll and his number of licenses, and if he does not settle by a given day he is a defaulter *ipso facto*. Everything is presumed against him. He is *prima facie* liable for the whole amount of the assessment roll, and the *onus* of proof is upon him to show discharge, payment, etc." *State* v. *Powell*, 8 Am. St. Rep. 522 and cases cited.

The conditions of the bond are not recited in the report, but may be assumed to have been in accordance with R. L., s. 2782, "for the faithful performance" of duties. The referee does not find, nor was it claimed in defence, that the four hundred twenty-seven dollars was uncollectible, or should have been abated. Upon the report the collector was guilty of a breach of the condition of the bond, for which he and his sureties are liable.

3. *Lyndon* v. *Miller*, 36 Vt. 329, and *Carpenter et al.* v. *Corinth*, 62 Vt. 111, are full authorities for holding that the payment by the collector of taxes of the year 1888 upon tax bills of former years would have constituted no defence to this suit if that fact had been established; therefore, there was no error in excluding the evidence.

*Judgment affirmed.*