## SCHOOL DISTRICT OF CITY OF LANSING v. CITY OF LANSING.

1. TAXATION—DUTY OF CITY TREASURER.

   Office of city treasurer is one requiring action on part of person accepting it; his oath of office imposes on him obligation to faithfully discharge its duties, and his bond also so provides.

2. SAME—COLLECTION OF DELINQUENT PERSONAL TAXES.

   When, on settlement with county treasurer, city treasurer receives warrant for collection of personal tax returned delinquent, it becomes his duty to make every reasonable effort to do so, and he may not sit idly by and receive such taxes as may be voluntarily paid by delinquent taxpayers, but he must make earnest effort to enforce collection under power conferred upon him by statute (1 Comp. Laws 1929, § 3434 et seq.).

3. SAME—TAX COLLECTOR LIABLE FOR NEGLIGENCE IN FAILING TO COLLECT.

   Tax collector is liable not only for taxes collected and not turned over, but also for taxes which he might have collected by due diligence.

4. SAME—SCHOOL TAXES ON PERSONALTY—DEFAULT DEFINED—STAT-UTES.

Neglect of city treasurer to perform full duty to collect school taxes levied on personal property constitutes ''default'' within meaning of statute (1 Comp. Laws 1929, § 3485).

5. SAME—CITY LIABLE FOR DEFAULT OF TREASURER IN COLLECTING PERSONAL SCHOOL TAXES.

School taxes levied and assessed on personal property which are not collected through default and neglect of city treasurer result in loss to school district for which city is liable under statute (1 Comp. Laws 1929, § 3485).

6. SAME—CITY MAY LOOK TO TREASURER'S BOND FOR DEFAULT IN COLLECTING PERSONAL SCHOOL TAXES.

Court assumes that city is protected by sufficient bond given by its treasurer, to which it may have recourse for loss sustained by school district through treasurer's default in collecting school taxes levied on personal property, which city is required to make good (1 Comp. Laws 1929, § 3485).

7. ACTION—PLEADING—VARIANCE—AMENDMENT.

Where declaration in school district's action against city sought to recover all school taxes levied and assessed in city on personal property for certain years, and in its bill of particulars made claim for such taxes which were not collected through default and neglect of its treasurer, motion to dismiss for failure to state cause of action was properly denied, since cause of action is stated and variance between declaration and bill of particulars may be corrected by amendment before trial on merits.

Per CLARK, C. J., and McDONALD, SHARPE, NORTH, WIEST, and BUTZEL, JJ.

8. TAXATION—TAXES REQUIRED TO BE PAID TO SCHOOL DISTRICT—STATUTES.

While, under 2 Comp. Laws 1915, § 5706, tax collecting officer was required to pay, out of moneys collected by him, to school district, whole tax assessed, under 2 Comp. Laws 1929, § 7470, he is required to pay only amount of school tax collected.

9. SAME—DUTY OF TREASURER TO TRY TO COLLECT ALL PERSONAL TAXES—STATUTES.

It is duty of township or city treasurer to try to collect all personal taxes assessed (1 Comp. Laws 1929, § 3434); if not

paid he is required to make demand personally or by mail on taxpayer, except where, in cities, other provisions for demand or collection may be made (section 3437); he must seize property if he can find it, and sell it for taxes (section 3438); or he may bring suit and garnishment proceedings.

10. SAME—DILIGENT EFFORT TO COLLECT MANDATORY.

Diligent effort to distrain property for personal taxes, if otherwise uncollected, is mandatory.

11. SAME—AFFIDAVIT OF TREASURER IN MAKING SETTLEMENT—PERSONAL TAXES.

Treasurer may not make settlement with county treasurer, in returning personal taxes as uncollected, without affidavit that, upon diligent inquiry, he has been unable to discover any goods or chattels belonging to person liable for taxes, upon which he could levy (1 Comp. Laws 1929, § 3446).

12. SAME—CITY LIABLE FOR PERSONAL SCHOOL TAX LOST BY DEFAULT OF TREASURER.

City is not liable for whole uncollected school tax assessed on personal property but only for that part which it may be shown was lost by default of its treasurer in failing to discharge his duties under tax law.

Per CLARK, C. J., and McDONALD, NORTH, FEAD, and BUTZEL, JJ. POTTER, J., dissenting.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted January 19, 1932. (Calendar No. 36,-123.) Decided October 3, 1932. Rehearing denied December 6, 1932.

Assumpsit by School District of the City of Lansing, a municipal corporation, against City of Lansing, a municipal corporation, for school taxes assessed on personal property. Motion to dismiss denied. Defendant appeals. Affirmed.

*Fred L. Warner,* for plaintiff.

*Richard Raudabaugh,* for defendant.

SHARPE, J. The issue presented by the motion to dismiss in this case is whether a city may be compelled to pay to a school district taxes assessed against personal property in the district which the city treasurer, by negligence on his part, failed to collect. We allowed an appeal from the order of the trial court denying the motion. Reference to sections are to the Compiled Laws of 1929.

A school tax is spread upon the assessment roll of the city in a column by itself. Section 3428. When completed, a warrant for collection is appended thereto and delivery made to the city treasurer. Section 3429 reads as follows:

"The taxes thus assessed shall become at once a debt due to the township, ward or city from the persons to whom they are assessed, and the amounts assessed on any interest in real property shall, on the first day of December, become a lien upon such real property, and the lien for such amounts, and for all interest and charges thereon, shall continue until payment thereof. And all personal taxes shall also be a first lien on all personal property of such persons so assessed from and after the first day of December in each year and so remain until paid, which said lien shall take precedence over all other claims, incumbrances and liens upon said personal property whatsoever, whether created by chattel mortgage, execution levy, judgment or otherwise, and whether arising before or after the assessment of said personal taxes, and no transfer of personal property assessed for taxes thereon shall operate to divest or destroy such lien, except where such personal property is actually sold in the regular course of retail trade."

The duty then devolves upon the city treasurer to make collection. Section 3434 *et seq*. To do so, he

may seize and sell the personal property of the party assessed. If otherwise unable to collect a tax on personal property, he may bring suit in the name of the city and garnishee any debtor of the person assessed. Section 3438. At a time fixed in the statute, he must make return to the county treasurer of the moneys collected and the taxes he has been unable to collect. Section 3446. Quoting therefrom:

"The said treasurer or collector shall also make a statement showing the taxes upon personal property remaining unpaid, and the names of the persons against whom assessed, and the amount against each; and in such statement shall set forth the amount of all moneys collected by him on account of taxes, which statement shall be verified by the affidavit of such treasurer, in which he shall state in substance that the sums mentioned in such statement as uncollected remain unpaid; that he has not, upon diligent inquiry, been able to discover any goods or chattels belonging to the person liable to pay such sums whereupon he could levy the same, and that the amount of moneys collected by him upon such tax roll is truly stated therein."

Taxes delinquent on real estate become a lien thereon when the tax roll is delivered to the treasurer, and it will be advertised and sold therefor as provided by the statute. For the collection of the delinquent personal taxes, the treasurer receives a warrant from the county treasurer under which he has "the same power to collect such taxes as under the original warrant." Section 3447.

The office of treasurer is one requiring action on the part of the person accepting it. The oath of office imposes upon him an obligation to faithfully discharge its duties. His bond also so provides.

When the tax roll is placed in his hands, it is his duty to "proceed to collect such taxes." Section 3434. While he may not take steps to enforce collection of the taxes on real estate before the 10th day of January thereafter, in case he is "apprehensive of the loss of any personal tax assessed upon his roll, he may proceed to enforce its collection at any time." Section 3434.

When, on settlement with the county treasurer, he receives a warrant for the collection of the personal tax returned delinquent, it becomes his duty to make every reasonable effort to do so. Those who have paid their taxes have a direct interest in his so doing. He may not sit idly by and receive such taxes as may be voluntarily paid by delinquent taxpayers. He must make an earnest effort to enforce collection under the power conferred upon him above referred to.

"A tax collector is liable not only for taxes collected and not turned over, but also for taxes which he might have collected by due diligence." 3 Cooley on Taxation (4th Ed.), § 1360.

"Failure of a tax collector to collect the legal taxes within the time required by law is a breach of the condition of his bond for which his sureties are liable, at least to the extent of such taxes as were lost through his remissness or neglect, although the sureties may show in mitigation of damages, if not in bar of the action, any circumstances which made it impossible for their principal to effect collections or which would be a sufficient legal excuse for his failure to do so." 37 Cyc. p. 1221.

The cases cited in the footnote (*State* v. *Lott,* 69 Ala. 147; *People* v. *Smith,* 123 Cal. 70 [55 Pac. 765]; *State* v. *Dorsey,* 3 Gill & J. [Md.] 75; *Boykin* v.

*State,* 50 Miss. 375; *Village of Montpelier* v. *Clarke,* 67 Vt. 479 [32 Atl. 252], and *Ballard* v. *Thomas & Ammon,* 19 Gratt. [60 Va.] 14) clearly support the rule as stated.

The treasurer is charged with the duty to make collection of all the taxes spread upon the tax roll. He is charged with the amount thereof on the clerk's books, and, on settlement, receives credit for the taxes he has returned delinquent, based on his affidavit—

"that he has not, upon diligent inquiry, been able to discover any goods or chattels belonging to the person liable to pay such sums whereupon he could levy the same." (Section 3446.)

His neglect to collect the city tax is a breach of his bond given to the city, and his neglect to collect the State and county taxes is a breach of his bond filed with the county treasurer. The school district alone is not protected by a bond. No official or contractual relation exists between the city treasurer and the district. Is it then helpless and without remedy?

Section 3485 reads as follows:

"All losses that may be sustained by the default of any township officer in the discharge of any duty imposed by this act, shall be chargeable to such township. All losses by default of any county officer shall be chargeable to such county, and all losses by default of any State officer shall be chargeable to the State."

And section 3500:

"This act shall be applicable to all cities and villages where not inconsistent with their respective charters. With such exceptions, the provisions herein as to supervisors, township treasurers, and boards of review, shall include all assessing and collecting

officers, and all boards whose duty it is to review any assessment roll. The word township may include city, ward or village.''

This provision was referred to with approval in *Common Council* v. *Smith,* 99 Mich. 507; *State Tax Com'rs* v. *Board of Assessors,* 124 Mich. 491, and *State Tax Com'rs* v. *Cady,* 124 Mich. 683.

A default is defined as ''The nonperformance of a duty, whether arising under a contract or otherwise'' (1 Bouvier's Law Dictionary [Rawle's 1st Rev.], p. 527); as ''The omission or failure to fulfil a duty, observe a promise, discharge an obligation, or perform an agreement'' (Black's Law Dictionary [2d Ed.], p. 342); as ''To fail in fulfilling a contract, agreement, or duty.'' ''Neglect to do what duty or law requires'' (Webster's International Dictionary).

In 18 C. J. p. 457, ''defaulting official'' is defined as ''A statutory term which has been construed in its broad sense as including every official who fails to perform his full duty, and not limited merely to officers found guilty of collusion or defalcation.'' *Annis* v. *McNulty,* 51 Misc. Rep. 121 (100 N. Y. Supp. 951, 956), is cited in support thereof.

Under the Constitution (Art. 11, § 9), it is made the duty of the State legislature to ''continue a system of primary schools, whereby every school district in the State shall provide for the education of its pupils without charge for tuition.'' The legislature has provided that a large part of the money needed for that purpose shall be collected and distributed in what is known as the ''primary school fund.'' The balance must be obtained by a tax spread upon the property, both real and personal, in each district. The city as a whole has a direct interest in the maintenance of its schools, and the members of its council, representing it, should be

impressed with the necessity of seeing to it that the taxes spread upon its rolls for that purpose must, to the extent possible, be collected.

It cannot well be contended that the neglect of the treasurer to collect a school tax, payment of which might have been enforced by him, does not entail a loss upon the district. Suppose he had permitted the taxpayers in the district to have paid all of the taxes levied upon their property, either real or personal, except the school tax, as they might have done under section 3444, and made no effort thereafter to collect the school tax, could it well be said that a loss to the district had not been occasioned by his neglect and that the city was not chargeable therewith? The statute makes the city liable for any loss sustained by the default of its treasurer "in the discharge of any duty imposed by this act." (Section 3485.) Clearly, the duty rested upon the treasurer to collect the school tax. If he has not discharged that duty, he has breached the condition in his bond to the city, and, as loss to the district necessarily follows, such loss must be borne by the city under the provisions of the statute.

"The duty of collecting the taxes is as imperative on the collector as is the duty of honestly accounting therefor, when collected; and a failure to collect, within the period prescribed by law, the taxes which, under the law, he is required to collect, is a breach of the condition of his official bond, equally with a failure to pay over the taxes when collected." *State* v. *Lott, supra* (syllabus).

In *Smith* v. *Jones,* 136 Mich. 532, wherein it was sought to hold a township liable to a school district for funds embezzled by the township treasurer, the court said:

"The school district has no voice in the giving of the bond. The bond is to be executed to the township, with such sureties as the supervisor shall require and approve."

The section imposing the liability on the township for losses occasioned by default of its treasurer (now section 3485) was then quoted, and it was further said:

"By the act he is charged with *the collection and payment of all school-district taxes.* The funds in question were lost by his default, and, under the above statute, the township is liable."

I find no authority bearing directly upon the construction which should be placed upon the language of this statute. *State, ex rel. District Att'y,* v. *Sheriff,* 45 La. Ann. 162 (12 South. 189), *Williams* v. *Stern,* 5 Q. B. Div. (1879) 409, are relied upon to support the claim that default as here used means simply the failure to account and pay over money collected. The first of these cases involved the right of the defendant to succeed himself as sheriff. Under the law of that State, he is also a tax collector. It was claimed that at the termination of his previous term he had not "obtained a legal discharge for such collections for public moneys with which he has been entrusted." The court called attention to the two provisions in the State Constitution relating thereto (p. 179):

"The requirement of article 171 is that tax collectors must 'obtain a discharge for the amount of collections,' while article 119 provides that they shall not be released from their contractual obligations 'until they have been discharged as tax collectors.'"

It was then said (p. 179):

"Article 171 pronounces the penalty of *ineligibility to hold office* for a collector's failure to comply with its behest, and article 119 indicates a *pecuniary* liability for his nonobservance of its provisions.

"The injunction of each, as well as the pain of each is distinct and different.

"To illustrate: If a collector punctually pays over to the proper authority *all* moneys he has collected, and obtains a receipt therefor, he is constitutionally eligible to office, notwithstanding the fact that it may be shown subsequently, by proof *aliunde*, that he had been derelict in making collection of taxes uncollected, and was consequently disentitled to be discharged as tax collector.

"To further illustrate: In case a tax collector collects taxes and uses the money, he may be proceeded against criminally for embezzlement; but, on the proof disclosing that the taxes had *not* been collected through his fault or negligence, the prosecution would of course fail and the State be relegated to civil action for reparation of loss sustained."

In the other case, the default therein referred to was in the nonpayment of money due under a bill of sale executed as security for money advanced.

If default on the part of the treasurer, as claimed, be established, and the loss of the district occasioned thereby be determined, in my opinion the city is liable to account to the school district for the amount thereof. The statute, as I construe it, so provides, and this provision is a wise one, as there is no other way in which a district may reimburse itself for such loss. It will be assumed that the city is protected by a sufficient bond, and it is no hardship to require it to make such payment and have recourse thereto for its protection against loss.

In its declaration plaintiff seeks to recover all of the school taxes levied and assessed in the city for

certain years. In its bill of particulars it makes claim for "school taxes levied and assessed on personal property in the city of Lansing and collected *or which were not collected through the default and neglect of the said defendant, its servants and employees.*" Had the motion to dismiss been founded upon the variance between the declaration and bill of particulars, an amendment would doubtless have been sought and granted, and the declaration may yet be perfected in this respect before trial on the merits.

The appeal is dismissed, but without costs.

Clark, C. J., and McDonald, North, Wiest, and Butzel, JJ., concurred with Sharpe, J.

Fead, J. *(concurring in affirmance).* While it may be largely repetition of what Justices Potter and Sharpe have said, I am impelled to summarize my views of the case, but without requoting from the statutes and authorities set up in their opinions.

Under 2 Comp. Laws 1915, § 5706, the tax collecting officer, out of the moneys collected by him, was required to pay to the school district the whole school tax assessed. Under 2 Comp. Laws 1929, § 7470, he is required to pay, out of the moneys collected by him, only the amount of school tax collected. These provisions have reference merely to the disbursement of actual tax collections, not to liability for school taxes not collected. The change in the statute eliminated liability for the entire school tax assessed and leaves liability for uncollected taxes to be governed by other law.

It is the duty of the township or city treasurer to try to collect all personal taxes assessed. 1 Comp.

Laws 1929, § 3434. If not paid, he is required to make demand personally or by mail on the taxpayer, except where, in cities, other provisions for demand or collection may be made. Section 3437. If payment is not made, he must seize property, if he can find it, and sell it for taxes. Section 3438. He may bring suit and garnishment proceedings. Diligent effort to distrain property for personal taxes, if otherwise uncollected, is mandatory. The treasurer cannot make settlement with the county treasurer, in returning personal taxes as uncollected, without affidavit that, upon diligent inquiry, he has been unable to discover any goods or chattels belonging to the person liable for the taxes, upon which he could levy. Section 3446.

Failure to perform these positive duties by a township treasurer is a default ''in the discharge of any duty imposed by this act,'' *i. e.*, the general tax law, for which the township is liable, under section 3485.

It is true that section 3485 does not in express terms make a city liable for the default of the city treasurer. But, because school taxes, as well as others, become a ''debt due to the township, ward or city'' from the taxpayer (section 3429), and the law declares no right of the school district to collect from the taxpayer nor from the collecting treasurer nor to have recourse to the latter's bond, and it is the policy of the law that the method of tax collections and disbursements to the proper governmental agencies shall be uniform (so expressly declared as to fourth class cities, section 2164 *et seq.*, and home-rule cities, section 2230[i]), it would do no great violence to the statute to construe ''township'' in section 3485 as including ''city,'' although no other provision of law so declared. See *County of Wayne* v. *City of Detroit,* 17 Mich. 390.

Whether these considerations, of themselves, would be sufficient to justify such construction, they are persuasive, in connection with the plain language of section 3500, that:

"This act shall be applicable to all cities and villages where not inconsistent with their respective charters.  *  *  *  The word township may include city, ward or village;"

in rendering section 3485 applicable to cities.

In my opinion, the city is not liable for the whole uncollected school tax assessed, but only for that part which it may be shown was lost by default of its treasurer in failing to discharge his duties under the tax law.

The declaration sets up no breach of duty by the city treasurer as to uncollected taxes, and states no cause of action in that respect. However, it and the bill of particulars count on claims for moneys collected by the treasurer, although, in fact, there is no issue thereon. Because of this technicality, the declaration must be held to state a cause of action, and the judgment is affirmed, but without costs.

CLARK, C. J., and McDONALD, NORTH, and BUTZEL, JJ., concurred with FEAD, J.

POTTER, J. (*dissenting*). Plaintiff sued defendant to recover uncollected school taxes. From a judgment for plaintiff, defendant appeals.

1. It is claimed defendant is liable for school taxes assessed against personal property which the city treasurer might have collected but did not collect. The right to recover is based upon 1 Comp. Laws 1929, § 3485, which provides:

"All losses that may be sustained by the default of any township officer in the discharge of any duty

imposed by this act, shall be chargeable to such township. All losses by default of any county officer shall be chargeable to such county, and all losses by default of any State officer shall be chargeable to the State."

If defendant is liable, it is solely by reason of this statute. *Hart Township* v. *Oceana County,* 44 Mich. 417. The statute is in derogation of common law, is to be strictly construed, and nothing is to be taken by implication. There is nothing in the statute in relation to city officers and city liability. The statute expressly enumerates the things covered by it, and this express enumeration impliedly excludes from its terms the things not mentioned. No express statute makes the city liable for the failure of its city treasurer to collect school taxes.

2. No charge of embezzlement or defalcation on the part of the city treasurer is made. It is not claimed he is a defaulter. If the city treasurer had collected school taxes and neglected to pay them over, a different question would be presented. It is claimed the city is liable by reason of the default of the city treasurer. Default is a term with many meanings, its meaning in a particular case depending on its use. 1 Comp. Laws 1929, § 3485, is a part of the general tax law relating to accounts and the settlement thereof. Default, as used in this statute, means failure to account for and pay over money collected. It means something different from negligence. *State, ex rel. District Att'y,* v. *Sheriff,* 45 La. Ann. 162 (12 South. 189). It means defalcation in office—failure to account for and pay over money collected—the nonpayment of money. *Williams* v. *Stern,* 5 Q. B. Div. (1879) 409. It means being guilty of conduct which, under the Constitution, would render the city treasurer ineligible to office.

There is no claim the city treasurer has embezzled or defaulted in the payment of money, and, unless he is guilty of such misconduct, the city is not liable.

3. Prior to the enactment of the school code in 1927, defendant might have been liable under 2 Comp. Laws 1915, § 5706, for the full amount of school taxes on the assessment rolls of the city, but this statute was amended by 2 Comp. Laws 1929, § 7470, so as to make a township treasurer liable only for the full amount of school taxes collected. The same idea is incorporated in 1 Comp. Laws 1929, § 4124, which provides:

"In case the township treasurer shall not collect the full amount of taxes required by his warrant * * * such portion thereof as he shall collect shall be retained by him and paid out."

The city is bound by the acts of the city treasurer in substantially the same cases that the township is bound by the acts of the township treasurer. An examination of these statutes shows that under 2 Comp. Laws 1915, § 5706, it was the duty of the city treasurer to retain in his hands the full amount of school taxes on the assessment rolls whether collected or not, while by the school code it is made the duty of the city treasurer to retain in his hands, out of the moneys collected by him, the full amount of the school taxes collected. In the former case the amount to be retained was fixed by the amount assessed. Under the present statute the amount the city treasurer is to retain is fixed by the amount collected.

4. It is not claimed the city treasurer of defendant has not paid to plaintiff all moneys for which a proper warrant has been presented. It is not claimed he is not ready and willing to pay over any moneys which he has collected.

5. School taxes are collected and to be collected by the city treasurer, but they are not, when collected, received for or by the city. They do not become a part of the funds of the city. They are in the city treasurer's hands for school purposes, collected by him, and to be paid out by him only on the order of the proper officers of the school district. The treasurer of the school district is the disbursing officer of the district. The city has no fiscal duty in relation to school funds. When they are paid out by the city treasurer, he is not bound to look beyond the proper order of the officers of the school district for his warrant in paying them. In finally disbursing the funds raised for school purposes, the members of the school board are not agents of the city. The city treasurer is not the agent of the city in the collection of the school taxes and their payment to the treasurer of the school district. The collection of school taxes by the city treasurer is not a city matter but a school district matter. For convenience, and to avoid a multiplicity of officers, the city treasurer is charged with collecting school district taxes. This is a matter of public administration. It does not make the city treasurer a city agent in collecting these taxes. The city is not in any sense, as regards this duty of the city treasurer, a principal. *Dawson* v. *Township of Aurelius,* 49 Mich. 479.

The city treasurer, in the collection of school taxes, is but the agency designated to collect school taxes and pay them over to the school district. The school district, not the city, in the performance of this function, is his principal.

"For simplicity and convenience of administration the law makes use of the township officer to

gather and pay over the county tax. But when it does so and goes no further, the implication is that the local officer is for such function the official agent of the county, and not of the township, and that the county must look elsewhere than to the township for indemnity in case of his misconduct." *Hart Township* v. *Oceana County, supra.*

6. The city treasurer is not a party to this suit. The question of his liability for negligence is not involved and cannot be conclusively adjudicated in a suit in which he is not a party.

Under the circumstances, plaintiff is not entitled to recover. Judgment should be reversed, but without costs.