INHABITANTS OF GORHAM vs. BENAIAH H. HALL & others.

After a default of an action of debt on a collector's bond, the defendants cannot have the damages assessed by a jury, especially after an auditor, appointed for that purpose, has heard the parties and presented his report for acceptance.

The duties of the person appointed to assess the damages in such a case are different from those contemplated by R. S. of 1857, c. 82, §§ 59, 60, and 61.

When the terms of such a bond conform to the requirements of the statute, and it has been actually accepted by the selectmen, and both parties have acted under it as a statute bond, it will be regarded as such, although it has not been approved in writing by the municipal officers.

The provisions of R. S. of 1857, c. 6, §§ 103, 104, 121, and 122 are not mandatory, but they are cumulative remedies at the discretion of the municipal officers.

Inhabitants of Gorham *v.* Hall.

Generally, a collector is chargeable for all taxes committed to him, to enforce the payment of which he has not, during the period alloted for their collection, exhausted his authority.

ON EXCEPTIONS.

DEBT on two bonds given by the collector of taxes of Gorham, both bonds having the same sureties.

The action was defaulted at the January term, 1868, when Frederick Fox was appointed to assess the damages, who subsequently heard the parties, and made his report at the April term, 1869.

The report charged the defendants with the gross amount of ᷡ᷉xes committed to the collector for the two years, and credited them by the amount paid to the treasurer, as by the treasurer's books, leaving a balance against them of $2301.40.

The remaining facts sufficiently appear in the opinion.

*N. Webb,* for the plaintiffs, cited *Begg* v. *Whittier,* 48 Maine, 315; *Cummings* v. *Smith,* 50 Maine, 569; *Price* v. *Dearborn,* 34 N. H. 481; *Willson* v. *Willson,* 5 N. H. 240; *West* v. *Whitney,* 6 Foster, 314. That the measure of damages in the report is correct. *Colerain* v. *Bell,* 9 Met. 499; *Scarboro'* v. *Parker,* 53 Maine, 465; *Forel* v. *Clough,* 8 Greenl. 342; *Prescott* v. *Moran,* 50 Maine, 347; *Readfield* v. *Shaver,* 50 Maine, 43.

*S. C. Strout & H. W. Gage,* for the defendants, contended, *inter alia,* that the sureties are not liable for the whole amount of uncollected taxes; but only for such of them as have been lost by the neglect of the collector, through the insolvency of the persons taxed, or the loss of remedy against real estate by lapse of time or otherwise; *Colerain* v. *Bell,* 9 Met. 499; and in addition to this, such damages as the town has suffered·by the delay to collect taxes which are still collectable by means of commitment to another collector, but cannot be enforced by the sureties defendant.

A distress should have issued against the collector (he not having collected within the term allowed by his warrant) the bills taken by the town and collected through another collector under R. S. c. 6, §§ 103, 104, 120, 121.

All remedies for collection remained in force after Hall's delinquency. *Bassett* v. *Porter*, 4 Cush. 488. *Hartland* v. *Church*, 47 Maine, 169. As between the town and these sureties, the town was bound to take this course, and not attempt to collect the gross amount of sureties who are powerless to coerce the collector. Nearly all the uncollected taxes are now collectable.

Actual damages only can be recovered on bonds except when the statute otherwise provides. *Clifford* v. *Kimball*, 39 Maine, 413. *Eaton* v. *Ogier*, 2 Greenl. 46. *Sargent* v. *Pomeroy*, 33 Maine, 388. *Houghton* v. *Lyford*, 39 Maine, 267. *Carpenter* v. *Doody*, 1 Hilt. (N. Y.), 465. *Lowell* v. *Parker*, 10 Met. 309. *Scarboro'* v. *Parker*, 53 Maine, 252.

Much of the loss resulted from the negligence of the plaintiffs.

The bond for 1860 was not approved by the selectmen as required by R. S. of 1857, c. 6, § 85, and therefore is but a common law bond subject to chancery to the amount of actual damages, independent of all provisions of c. 6.

Defendants were entitled to a trial by jury. The report is that of an auditor, and is governed by R. S. of 1857, c. 82, §§ 27 and 61. *Begg* v. *Whittier*, 48 Maine, 314.

DICKERSON, J. DEBT on two bonds of the collector of taxes for the years 1860 and 1861. The action was defaulted, and Frederick Fox, Esq., was appointed auditor to assess the damages. The presiding judge refused to allow the defendants' request to have the damages assessed by a jury, and ordered the auditor's report to be accepted. The defendants filed exceptions, alleging several grounds of complaint.

1. That the request for a jury to settle the damages ought to have been granted. Whatever may have been the right of the defendants to have the damages assessed by a jury, if they had seasonably applied therefor, they waived their right to a jury trial by neglecting to demand one until an auditor had been appointed, and had made his report. They cannot be permitted to have the double advantage of accepting a favorable report of an auditor, and

setting aside an unfavorable one for a jury trial. After a default, the defendants have no right to a jury to assess damages for them. Though styled an auditor, the duties of the person appointed to assess the damages are essentially different from those contemplated by the statute for the appointment of an auditor " to state the accounts." This appointment is not a proceeding under that statute which gives to either party a trial by jury, if dissatisfied with the auditor's report, and makes that report evidence to the jury upon trial of the cause. R. S. c. 82, §§ 59, 60, and 61. *Price* v. *Dearborn*, 34 N. H. 486. *Begg* v. *Whittier*, 48 Maine, 314.

2. The defendants further allege that the bond of 1860, not having been approved in writing by the selectmen, is not a statute but a common-law bond, and, therefore, subject to a hearing, according to the actual damages. This bond, in terms, conforms to the requirements of the statute, was accepted by the selectmen, and both parties acted under it, as a statute bond. Under these circumstances, a default having been entered, we think the bond must be treated as a statute bond.

3. It is further objected, that the auditor improperly refused to allow the defendants a credit of $869.31. The burden was upon the defendants to show payment of this sum. The evidence was conflicting, and we think the charge was properly disallowed.

4. It is also argued that all uncollected taxes, which might have been collected, if the town had taken the proper steps to do so, are not collectable of the defendants. The powers conferred upon collectors of taxes for towns and cities, and their obligation to account for the several sums committed to them in their warrant to collect, are clearly pointed out in the statute. He may distrain and sell the goods and chattels of a delinquent tax-payer, and for want thereof, he may arrest him and commit him to jail. He is commanded by his warrant to levy and collect of the several persons named in the list committed to him, each one his respective proportion therein set down, to pay the same to the town treasurer, and to make up an account of collections of the whole sum on or before a day stated. R. S. c. 6, § 79.

Inhabitants of Gorham *v.* Hall.

Another section of the statute enjoins upon him the duty to faithfully obey the directions in his warrant. R. S. c. 6, § 84.

His official bond, also, binds him to the faithful discharge of all these duties. R. S. c. 6, § 85. And he is answerable to the inhabitants in an action for all sums they are obliged to pay by means of his deficiency, and for all consequent damages. § 111.

The provisions for demanding the bills of a delinquent collector, and committing them to another collector, and for issuing a warrant of distress against him are not mandatory, but permissive; cumulative remedies to be resorted to or not, at the discretion of the municipal authorities. It is not for such delinquent collector to complain that he has not been dealt with in a more severe and summary manner. R. S. c. 6, §§ 103, 104, 121, and 122.

In general, a collector of taxes becomes chargeable for all taxes committed to him, in respect to which he has not exhausted his authority to enforce payment during the period allotted for their collection, if the town insist upon his liability, and require payment from him. It is no defense to a suit on a collector's bond for such delinquency, that the individuals against whom such taxes were assessed were not, at any time after the tax-bills were placed in his hands, of sufficient ability to pay the same, and that a levy of a warrant of distress upon them would have been unavailing. *Colerain* v. *Bell et al.*, 9 Met. 503.

It does not appear that the collector took the necessary legal measures to enforce payment of the taxes with which he is charged, within the time mentioned in his warrant. They were, therefore, properly allowed against him by the auditor. The claim of the collector for commissions having been once paid, was rightfully disallowed.                    *Exceptions overruled.*

APPLETON, C. J.; WALTON, BARROWS, and DANFORTH, JJ., concurred.