SCHOOL DISTRICT OF CITY OF LANSING *v.* CITY OF
LANSING.

1. TAXATION—FRACTIONAL SCHOOL DISTRICT—DUTY OF BOARD OF
   SUPERVISORS TO APPORTION TAXES—IRREGULARITY.

   Where city school district is fractional, it is duty of board of
   supervisors to apportion taxes to different municipalities
   possessing territory in said district in proportion to assessed
   valuation (2 Comp. Laws 1929, § 7233), but said duty, being
   clerical only, its delegation to supervisors was irregularity
   merely, which did not vitiate tax (1 Comp. Laws 1929, §§ 3469,
   3492).

2. SAME—DUTY OF CITY TREASURER TO COLLECT TAXES.

   On receiving proper tax roll, it is duty of city treasurer to
   proceed to collect taxes, and it does not rest with him to
   determine their validity nor to fail to attempt collection where
   no property owner challenges tax (1 Comp. Laws 1929, § 3434).

3. SAME—COLLECTION OF SCHOOL TAXES.

   City has no legal control over city treasurer with reference to
   his collection of school taxes and is liable for his default
   therein only by force of statute.

4. SAME—LIABILITY OF CITY FOR TREASURER'S FAILURE TO COLLECT
   SCHOOL TAXES—BURDEN OF PROOF.

   In action by school district against city for city treasurer's
   default in collecting school taxes assessed on personal prop-
   erty, burden of proof is on school district; rule that burden
   is on city because it has peculiar and exclusive knowledge of
   facts not being applicable and presumption being that officers
   perform their duties (1 Comp. Laws 1929, § 3438).

5. SAME—AGREEMENT TO FORBEAR LEVY ON PROPERTY ILLEGAL.

   City treasurer may not legally agree with taxpayers to forbear
   levying on property to enforce payment of school taxes as-
   sessed on personal property in consideration of their agree-
   ment to pay in instalments (1 Comp. Laws 1929, § 3438).

6. SAME—EVIDENCE—ESTABLISHING LIABILITY OF CITY.

   In action by school district against city for city treasurer's
   default in collecting school taxes assessed on personal prop-
   erty, unqualified testimony by tax collector employed by city

treasurer that certain taxpayers had property upon which levy could have been made established liability of city, notwithstanding general testimony of treasurer that everything possible had been done to collect said taxes.

7. SAME—DUTY TO LEVY NOT ABSOLUTE.

City treasurer is not bound to levy on property which will not produce some taxes above costs.

8. SAME—EVIDENCE OF PROPERTY—ESTABLISHING DEFAULT.

Proof of property, by introduction of inventory filed in receivership proceedings by taxpayer, is not sufficient to establish default of treasurer in failing to levy thereon, but it must be shown that he knew of property, and could have made levy on it, or that, by diligent inquiry, he would have discovered it.

9. SAME—FAILURE OF TREASURER TO SUE TAXPAYER—PROOF OF ABUSE OF DISCRETION NECESSARY.

City treasurer is not required to bring action against taxpayer to recover school tax assessed on personal property which he is otherwise unable to collect where recovery is doubtful or not probable, and therefore, in order for school district to recover, in action against city, for treasurer's failure to bring suit, it must show abuse of discretion in his failure to do so (1 Comp. Laws 1929, § 3438).

Appeal from Ingham; Collingwood (Charles B.), J. Submitted June 9, 1933. (Docket No. 83, Calendar No. 37,275.) Decided August 29, 1933.

Assumpsit by School District of City of Lansing, a municipal corporation, against City of Lansing, a municipal corporation, for uncollected school taxes on personal property. Judgment for defendant. Reversed, and remanded.

*Fred L. Warner,* for plaintiff.

*Richard Raudabaugh,* City Attorney, for defendant.

FEAD, J.   The action is to recover uncollected school taxes assessed on personal property in the city of Lansing for the years 1927 to 1930, inclusive, on the ground that failure to collect was caused by default of the city treasurer in neglecting to take the measures for collection required or provided by statute.   Former decision, declaring the rule of liability, is reported in 260 Mich. 405.

Plaintiff is a fractional school district embracing the whole city and also a portion of a township.   It is the duty of the board of supervisors to apportion the school taxes to the different municipalities possessing territory in the district in proportion to assessed valuation.   2 Comp. Laws 1929, § 7233.   The board reported that it had not sufficient data to make an accurate apportionment and it had apportioned the full amount of taxes, leaving it to the supervisors to spread the proper sums.   Defendant claims that the taxes were void for failure of apportionment by the board.

On receiving the proper tax roll, the treasurer shall proceed to collect the taxes.   1 Comp. Laws 1929, § 3434.   It does not rest with him to determine the validity of the taxes nor to fail to attempt collection where no property owner challenges the tax. Moreover, the duty to make apportionment was clerical and administrative.   It does not appear that the proper amounts of taxes were not actually spread. At most, a delegation of the power to apportion was an irregularity which did not vitiate the tax.   1 Comp. Laws 1929, §§ 3469, 3492; 61 C. J. p. 1057; 2 Cooley on Taxation (4th Ed.), p. 1194.

Upon whom is the burden of proof of default? The city is liable for the treasurer's default only by force of statute.   It has no legal control over him with reference to the collection of school taxes.   His

duties are defined by law. As to collection of school taxes, the treasurer is virtually a stranger to the city. Hence the rule cannot be invoked that the burden is upon the city because it has peculiar and exclusive knowledge of the facts. It is presumed that officers perform their duties. Plaintiff, charging defendant with liability for failure of duty by an officer, has the burden of proof.

Plaintiff enumerates 19 instances of uncollected personal taxes, aggregating $3,220.66, for which it asks recovery. Instead of discussing them separately, we will indicate the general considerations upon which decision rests.

It is undisputed that the city treasurer made personal demand for the taxes. The principal question is whether he was in default by failing to levy on property of taxpayers. 1 Comp. Laws 1929, § 3438. Plaintiff had the burden of proof that, by "diligent inquiry," the treasurer could have discovered property and made the taxes by levy.

As to some of the large taxpayers, taxes of 1924, 1925, and 1926, also had become delinquent. The treasurer made an arrangement with them to make instalment payments. In one case the city agreed to forgive the city taxes if the other taxes were paid within a designated time. Large sums were collected under these arrangements, which were credited to the oldest taxes. Before payment in full, however, some concerns became insolvent, and the treasurer filed claims in their estates. Forbearance to levy on promise of instalment payments may have been good business, to enable the concerns to attempt to continue in operation and thus benefit both them and the city, but it was not good tax law. The tax law has no humanity or community spirit in its collection features. It demands its pound of flesh.

The testimony is undisputed. The city treasurer had employees charged particularly with the collection of personal taxes. While the treasurer testified generally that everything possible had been done to collect the taxes, the evidence of what was done in each case came from the collectors, and, of course, must outweigh a general statement not based on personal knowledge.

In the instances as to which the collector unqualifiedly testified that the taxpayer had property upon which levy could have been made, the liability of the city is established.

Where the collector stated that there was not sufficient property to make taxes above costs of levy and sale, or that there was no property known to him, the city is not liable because there was no contrary showing of the existence of sufficient property known to the collector or treasurer or which should have been known to him. The treasurer is not bound to seize property which will not produce some taxes above costs.

Proof of property, by introduction of an inventory filed in receivership proceedings, is not sufficient to charge the treasurer with default. It must be shown that he knew of the property and could have made a levy on it, or that, by diligent inquiry, he would have discovered it.

The statute provides that the treasurer "if otherwise unable to collect a tax on personal property, may sue" the taxpayer in the name of the city. 1 Comp. Laws 1929, § 3438. The permissive "may" demonstrates that the treasurer is invested with discretion as to suit. He is not required to begin action in a doubtful case, or where recovery is not probable, nor to incur expense where reimbursement is not clear. The showing must be one of abuse of discretion. No such showing was made at bar.

Upon these considerations, and under the undisputed testimony, we must find the city liable for the following uncollected taxes: Capital Lumber Company, New Way Motor Company, Merchants Supply Company, National Fruit Company, Walters & Son (1930 taxes), Andrews Electric Company, Heath Jewelry Company, Mahoney's Store, Howard Jewelry Company, Marshall Jewelry Company, R. L. Ripley, Simons Dry Goods Company.

Judgment for defendant reversed, and cause remanded to the circuit court for entry of judgment in accordance herewith.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.