*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROMULUS COMMUNITY SCHOOLS,

Plaintiff/Counterdefendant-Appellant,

UNPUBLISHED
April 30, 2020

v

No. 346548
Wayne Circuit Court
LC No. 18-005674-CZ

CITY OF INKSTER and INKSTER CITY
TREASURER,

Defendants/Counterplaintiffs-
Appellees.

Before: MURRAY, C.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Plaintiff, Romulus Community Schools, appeals as of right the trial court's order denying plaintiff's request for an order of mandamus. Plaintiff sought to compel defendants, the city of Inkster and its treasurer, to impose a hold harmless mill on its residents for the portion of the dissolved Inkster schools absorbed into the Romulus schools. Because the trial court did not abuse its discretion when it concluded that plaintiff did not meet the requirements for mandamus relief, we affirm. This appeal is being decided without oral argument under MCR 7.214(E).

## I. BACKGROUND

In 1994, Michigan voters approved Proposal A, which addressed school finance reform and precluded local school districts "from levying more than 18 mills in property taxes." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 72; 780 NW2d 753 (2010). This limitation is reflected in MCL 380.1211(1). In addition, homestead property is exempt from the levy of operating mills "except for the number of mills by which that exemption is reduced under this subsection." MCL 380.1211(1). MCL 380.1211(1) and (9) describe circumstances in which a reduced number of mills, called a hold harmless millage, may be levied depending on circumstances related to prior year funding.

In July 2013, the Inkster School District was dissolved under MCL 380.12(1), and the four neighboring school districts, which included plaintiff, absorbed the dissolved Inkster schools under MCL 380.12(2). MCL 380.12(3) and (5) describe the levy of taxes to pay off the debt of a

-1-

dissolved school district, which may retain a limited identity as a separate taxing unit until the debt is fulfilled, and the tax rate that can be levied by a receiving school district relative to the dissolved school district. The parties agreed that prior to dissolution of the Inkster schools, plaintiff had levied a hold harmless millage, while the Inkster schools had not.

In November 2017, voters passed plaintiff's proposed renewal of an operating millage. Plaintiff's operating millage proposal stated in full:

> This proposal will allow the school district to levy a reduced number of mills previously authorized to be levied on all property, except property exempted by law and renews hold harmless millage that expired with the 2016 tax levy.
>
> Shall the total limitation on the hold harmless mills used for operating purposes which may be assessed against all property, except property exempted by law, in Romulus Community Schools, Wayne County, Michigan, be increased by 2.5 mills ($2.50 on each $1,000 of taxable valuation) for a period of 10 years, 2017 to 2026, inclusive; the estimate of the revenue the school district will collect from hold harmless taxes authorized herein if the millage is approved and levied in 2017 is approximately $870,000 (this is a renewal of 2.5 mills out of 5.1314 previously authorized millage that expired with the 2016 tax levy)?

At first, defendants confirmed that the hold harmless mills would be levied on the property of Inkster residents, but defendants changed their position after seeking guidance from the Wayne County Division of Assessment and Equalization. The county relayed the opinion of the Department of Treasury, which opined that the hold harmless mills could not be levied on Inkster residents within the plaintiff school district. Hold harmless mills operated as a reduction to the general school operating mills, from which homestead property was generally exempt, so hold harmless mills could only be levied where school operating mills were levied. Because plaintiff did not levy school operating mills in the city of Inkster, plaintiff could not levy hold harmless mills in the city of Inkster either. Accordingly, defendants declined to levy the hold harmless mills on Inkster residents, as plaintiff requested.

Plaintiff subsequently filed a complaint seeking a writ of mandamus to order defendants to levy the hold harmless mills. The trial court denied the request because plaintiffs did not establish that defendants had a clear legal duty to collect the requested hold harmless mills because of the county's determination that Inkster residents were not subject to the millage. The trial court additionally ruled that plaintiff had an adequate legal remedy that precluded mandamus relief because plaintiff could pursue a claim for levy of the millage in the Michigan Tax Tribunal.

## II. DISCUSSION

Plaintiff argues that the trial court erred by denying its request for an order of mandamus.

> A writ of mandamus is an extraordinary remedy that will only be issued if (1) the party seeking the writ has a clear legal right to the performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial, and (4) no other remedy exists that might achieve the same result. [*Coalition for a Safer Detroit v Detroit City Clerk*, 295

Mich App 362, 366-367; 820 NW2d 208 (2012) (quotation marks and citation omitted).]

This Court reviews a trial court's decision whether to issue a writ of mandamus for an abuse of discretion. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Southfield Ed Ass'n v Bd of Ed of the Southfield Pub Sch*, 320 Mich App 353, 378; 909 NW2d 1 (2017) (quotation marks and citation omitted). Whether defendants had a clear legal duty, and whether plaintiff had a clear legal right to performance of that duty, are questions of law reviewed de novo. *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 513; 810 NW2d 95 (2011). Matters of statutory interpretation are also reviewed de novo. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 520; 866 NW2d 817 (2014).

The party requesting mandamus relief has the burden of establishing that it is entitled to that relief. *Keaton v Beverly Hills*, 202 Mich App 681, 684; 509 NW2d 544 (1993). "Mandamus will not lie to control the exercise of discretion or for the purpose of reviewing, revising, or controlling the exercise of discretion of administrative bodies, but will lie to require a body or an officer charged with a duty to take action on the matter." *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 133; 715 NW2d 398 (2006). "A ministerial act is one for which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of judgment or discretion." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 248; 829 NW2d 335 (2013). "The general rule is that a writ of mandamus is not to be issued where the plaintiff can appeal the error." *Keaton*, 202 Mich App at 683. The plaintiff bears the burden of establishing that it has no alternative legal remedy. *Id*. at 684.

The parties first dispute whether defendants had a clear duty to levy the hold harmless mills on Inkster residents, and relatedly, whether plaintiff had a clear right to performance of that duty. Plaintiff cites MCL 211.36, *Sch Dist of City of Lansing v Lansing*, 260 Mich 405; 245 NW 449 (1932) (*Lansing I*), and *Sch Dist of City of Lansing v Lansing*, 264 Mich 272; 249 NW 848 (1933) (*Lansing II*), to support this argument. Defendants counter that the county had statutory authority to determine whether the tax was authorized by law under MCL 211.37, and that the county properly declined to collect the hold harmless millage from Inkster residents after the Department of Treasury opined that the millage could not be levied on Inkster residents. Plaintiff's argument is flawed because it assumes that the tax is valid.

MCL 211.36 governs the procedures for submitting a tax for levy. MCL 211.36(1) directs the clerk's certification of an enacted tax. MCL 211.36(2) through (5) specify the timing for levying taxes relative to when voters approved the tax. *Lansing I*, 260 Mich at 411, addressed the scope of a city treasurer's duty to collect delinquent taxes on behalf of the school district. *Lansing II*, 264 Mich at 274, similarly concluded that the city treasurer had a "clerical and administrative" duty to collect taxes on behalf of the school district. The city treasurer did not have the authority "to determine the validity of the taxes, nor to fail to attempt collection, where no property owner challenge[d] the tax." *Id*. Both cases addressed who bore the liability for the treasurer's failure to collect the assessed taxes. *Lansing I*, 260 Mich at 413; *Lansing II*, 264 Mich at 276. The validity of the taxes that were not collected was not in question. Therefore, the statute setting forth the

procedure for collecting a tax and the cases cited do not address defendants' argument that the hold harmless mills could not be levied on the property of Inkster residents.

Plaintiff cannot establish entitlement to mandamus relief by assuming the validity of the tax to be collected when the validity of the tax that defendants refused to collect is not clear from the record. The ballot proposal approved by the voters contains an exception for exempted property. Homestead property is generally exempt from school operating mills, and hold harmless mills may only be levied under certain circumstances in relation to school operating mills, as described in MCL 380.1211(1) and (9). Put another way, the hold harmless millage is an exception to an exemption from certain taxes, so if those taxes are not themselves being levied, then the exemption was not applicable, and any exception to that exemption is a nullity. Defendant argues that pursuant to the dissolution process, Inkster residents are only paying school operating taxes to the shell of the Inkster School District for the purpose of paying its debts, not to the Romulus schools. Critically, plaintiff fails to address this argument, or provide any evidence to the contrary. The hold harmless millage is not a tax unto itself, so if no other tax is levied from which homesteads enjoyed an 18-mill exemption, the hold harmless millage achieves nothing. The parties agreed that the residents of Inkster were not subject to a hold harmless millage before the Inkster schools were dissolved. This agreed-upon fact is consistent with defendants' position that plaintiff's hold harmless millage should not be levied on Inkster residents, and plaintiff provided no evidence undermining that position. Therefore, plaintiff's reliance on voter approval of the ballot proposal is unavailing.

Plaintiff relies on election cases to argue that mandamus is warranted. In *Stand Up for Democracy v Secretary of State*, 492 Mich 588, 619-620; 822 NW2d 159 (2012), and *Mich Civil Rights Initiative v Bd of State Canvassers*, 268 Mich App 506, 520; 708 NW2d 139 (2005), voter initiatives were ordered to be placed on ballots when the petitions met the statutory petitioning requirements. Unlike those cases, however, this case concerns the bounds of the levy of a tax, not the placement of an issue on the ballot. In short, plaintiff's insistence that the voters approved the millage does not answer the question whether Inkster residents are subject to the hold harmless millage as described on the ballot. Therefore, the trial court correctly held that plaintiff did not meet its burden of proving that defendants had a clear legal duty to levy the tax, and that plaintiff had a clear legal right to performance of that duty.

Plaintiff argues that neither the county nor the city defendants have the statutory authority to challenge the results of an election because only the Attorney General and the county prosecutor have that authority under MCL 600.4545. Defendants counter that they are not challenging the results of the election, only the validity of the tax, and whether they are required to levy the tax. Defendants are correct that MCL 600.4545 has no relevance to this case. MCL 600.4545(1)-(2) allows for a legal challenge to election fraud or error brought by the Attorney General or the county prosecutor within 30 days of the election. "The purpose of such an action is to test the validity of the election itself, and to succeed requires a showing of fraud or error that might have affected the outcome of the election." *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 217; 880 NW2d 793 (2015) (quotation marks and citation omitted). In this case, plaintiff is seeking to force defendants to levy the millage, so defendants' standing to bring any type of claim is not at issue. Accordingly, plaintiff's argument regarding MCL 600.4545 is inapplicable, and sheds no light on whether mandamus relief was warranted.

-4-

Plaintiff also had an adequate legal remedy in the Tax Tribunal, which precludes mandamus relief. *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 63-64; 832 NW2d 728 (2013). MCL 205.731(a) states the jurisdiction of the Tax Tribunal includes review of "a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state." In *Hillsdale Co Senior Servs*, 494 Mich at 48, the Supreme Court held that the "plaintiffs' claim for mandamus to enforce the terms of a property-tax ballot proposition that provided for the levy of an additional 0.5 mill property tax in Hillsdale County" was a claim relating to rates that fell within the Tribunal's exclusive jurisdiction under MCL 250.731(a). Plaintiff contends that *Hillsdale Co Senior Servs* is distinguishable because the legality of the tax was not at issue, only the extent of its enforcement. However, plaintiff seeks enforcement of the millage, and *Hillsdale*, 494 Mich at 54-55, rejected the distinction plaintiff seeks to make, noting that the parties' original dispute about " 'all' " or " 'nothing' " enforcement compared to the partial rate requested are both questions about the tax rate. Additionally, factual development of what property was "exempted by law," as that phrase was used in the ballot proposal, would assist in the resolution of this dispute. Consistent with the jurisdictional analysis in *Hillsdale*, 494 Mich at 48, a mandamus action is not the proper forum to adjudicate a tax dispute. The availability of review before the Tax Tribunal precludes mandamus relief, and the trial court did not err by refusing to issue an order of mandamus.

Affirmed.

/s/ Christopher M. Murray
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel